# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN ROBERTS, | ) 1:09cv1581 DLB |
| | ) |
| Plaintiff, | ) ORDER REGARDING<br>) PETITION FOR FEES |
| v. | ) |
| | ) (Document 27) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court on a petition for attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), filed on December 14, 2010, by Plaintiff Kathryn Roberts ("Plaintiff"). Defendant filed an opposition on January 13, 2011, arguing that the fee requested is unreasonable and should be reduced. Plaintiff filed her reply on January 21, 2011.

On April 8, 2011, the Court held a hearing on the petition to explore whether Ralph Wilborn, who is not a member of the Bar of this Court or the California Bar, can recover fees under EAJA. Linda Ziskin appeared on behalf of Plaintiff and Shea Bond appeared on behalf of the Commissioner. The Court also ordered the parties to submit additional briefing, which was completed on June 29, 2011.

1    The matter is currently before the Court on the parties' briefs, which were submitted,
2 without oral argument, to the Honorable Dennis L. Beck, United States Magistrate Judge.[1]

## BACKGROUND

4    Plaintiff filed the instant Complaint challenging the denial of benefits on September 7,
5 2009.

6    On October 4, 2010, the Court granted Plaintiff's Complaint and remanded the action for
7 further proceedings. Specifically, the Court found that the ALJ erred by failing to develop the
8 record, failing to provide specific and legitimate reasons for rejecting the treating physician's
9 opinion and failing to set forth adequate reasons for rejecting Plaintiff's credibility.

10    Judgment was entered in favor of Plaintiff on October 4, 2010.

11    By this motion, Plaintiff seeks $9,119.75 in attorneys' fees. In opposition, Defendant
12 contends that the requested fees are unreasonable and suggests that the Court award no more than
13 $4,500.00 in attorneys' fees.

## DISCUSSION

15 I.    <u>Mr. Wilborn's Entitlement to Fees</u>

16 A.   *Background*

17    The instant application seeks recovery of fees for work performed by attorneys
18 Sengthiene Bosavanh and Ralph Wilborn.[2] While Ms. Bosavanh is a member of the California
19 State Bar and the Bar of this Court, Mr. Wilborn is not.

20    Mr. Wilborn is a member of the Oregon State Bar and resides in Arizona. He is also a
21 member of the United States District Court for the District of Oregon, the Ninth Circuit Court of
22 Appeals, the United States Court of Appeals for Veterans Claims and the United States Supreme
23 Court. December 16, 2010, Affidavit of Ralph Wilborn.

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge.

[2] In determining whether Mr. Wilborn is entitled to recover EAJA fees in this Court, the Court stresses that it is not questioning the *quality* of his work. Mr. Wilborn's work product has been consistently as good, or better, than many Social Security practitioners that appear regularly before this Court.

1    Mr. Wilborn declares that he began performing legal work for Ms. Bosavanh in July 2009
2 based on the understanding that his sole compensation would be the fees awarded for his time
3 under EAJA.  Mr. Wilborn's legal work included "primary research and drafting of briefs and
4 ancillary related legal work, at the federal district court level, for, and at the request of, Ms.
5 Bosavanh, as generally authorized under her clients' retainer agreements, on a temporary basis,
6 case-by-case."  The attorneys agreed that Mr. Wilborn's drafts of briefs submitted to Ms.
7 Bosavanh would be considered, by him, to be "finished work products, appropriate for filing,
8 with little, if any, revision required."  They further agreed that as a member of the Bar of this
9 Court and the Bar of the State of California, Ms. Bosavanh had absolute authority to revise his
10 legal work at her sole discretion and would file the documents under her name in compliance
11 with Local Rules and Federal Rule of Civil Procedure 11.  There was no written agreement,
12 though the parties agreed that compensation, if any, for his legal work would be entirely separate
13 from compensation for Ms. Bosavanh's legal work and limited to the amount order pursuant
14 E.A.J.A.  May 13, 2011, Declaration of Ralph Wilborn.

15    In September 2010, Mr. Wilborn advised Ms. Bosavanh that he would finish his legal
16 work on cases he had already started but would not perform legal work on new cases.  May 13,
17 2011, Declaration of Ralph Wilborn.  Mr. Wilborn has provided legal services in approximately
18 68 cases in this Court.  June 6, 2011, Declaration of Ralph Wilborn.

19    The Commissioner has no objection to Mr. Wilborn's receipt of fees under EAJA.

20 B.    *Analysis*

21    Local Rule 180(b) states, "(e)xcept as otherwise provided herein, only members of the
22 Bar of this Court shall practice in this Court."  Admission to the Bar of this Court is limited to
23 attorneys who are active members in good standing of the State Bar of California.  Local Rule
24 180(a).  However, attorneys who are not members of this Court's Bar may appear pro hac vice.
25 Local Rule 180(b)(2) provides:

26    (2) Attorneys Pro Hac Vice. An attorney who is a member in good standing of, and
       eligible to practice before, the Bar of any United States Court or of the highest Court of
27    any State, or of any Territory or Insular Possession of the United States, and who has been
       retained to appear in this Court may, upon application and in the discretion of the Court,
28    be permitted to appear and participate in a particular case. Unless authorized by the
       Constitution of the United States or an Act of Congress, an attorney is not eligible to

3

practice pursuant to (b)(2) if any one or more of the following apply: (i) the attorney resides in California, (ii) the attorney is regularly employed in California, or (iii) the attorney is regularly engaged in professional activities in California.

The Local Rules of this Court also expressly adopt the "standards of professional conduct required of members of the State Bar of California and contained in the State Bar Act, the Rules of Professional Conduct of the State Bar of California and court decisions applicable thereto" for practice before this Court. Local Rule 180(e).

It is undisputed that Mr. Wilborn is not a member of the California Bar or the Bar of this Court. It is also undisputed that Mr. Wilborn has not applied for admission pro hac vice.

The Fourth Circuit Court of Appeals recently issued an instructive decision. In Priestley v. Astrue, __F.3d __, 2011 WL 2641273, *1 (4th Cir. 2011), the Court held that the use of non-admitted lawyers for brief writing services in Social Security appeals did not present a "special circumstance" sufficient to deny fees as unjust under EAJA. In Priestley, plaintiffs in three Social Security appeals in the District of South Carolina sought fees for an attorney who was admitted to the Court, as well as fees for two attorneys who were not admitted to practice in South Carolina or before the Court. The non-admitted attorneys were licensed in Georgia and Pennsylvania and practiced their specialty of briefing Social Security appeals through their law firm in Georgia. They provided research and drafts of briefs to the admitted attorney for review, signing and filing, and never spoke with the client or opposing counsel. The two attorneys had worked on dozens of cases in the District of South Carolina since 2003 and their fee requests typically accounted for 75 to 85 percent of the total fees requested. After the Commissioner opposed the fee requests, the District Court denied the fees because the two attorneys were not admitted to practice law in South Carolina and were not admitted to practice pro hac vice. The District Court concluded that the out-of-state attorneys' lack of licensure was a "special circumstance" that made reimbursement of their fees "unjust." 28 U.S.C. § 2412(d)(1)(A).

In rejecting the District Court's conclusion, the Court of Appeals began with an analysis of EAJA's requirement that a district court award "fees and other expenses" to the prevailing party in a civil action against the United States unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

4

1  2011 WL 2641273, *3.  The Court then defined the term "fees and other expenses," and found

2  that the broad definition "indicates, without much doubt, that Congress intended to award a wide

3  range of fees and expenses" unless an exception applies.  2011 WL 2641273, *4.  Consistent

4  with this intent, the Court previously awarded EAJA fees for work performed not only by

5  attorneys, but also by persons doing "tasks traditionally performed by an attorney and for which

6  the attorney would customarily charge the client, regardless of whether a licensed attorney,

7  paralegal or law clerk performed them."  2011 WL 2641273, *4 (citation omitted).  Based on this

8  practice, the Court had "little difficulty in concluding that the EAJA authorizes the plaintiffs to

9  receive reimbursement for the work performed by an attorney, regardless of whether the attorney

10 performing the work is admitted to practice or not."  2011 WL 2641273, *4.  The Court

11 concluded:

> In relying on this reasoning, we believe that the district court improperly linked the requirements for the practice of law in the district court with the requirements of the EAJA, thus limiting the scope of fees that the EAJA otherwise authorizes.  And in doing this, the court ended up effectively sanctioning out-of-state attorneys for purported violations of its local rules by denying reimbursement for their fees under the EAJA.  We conclude that the issues should not be so mixed, at least in the circumstances of this case, as they actually are separate matters.
>
> The district court was, of course, rightfully concerned about the unauthorized practice of law in its court, and it has the authority to regulate that through local rules and an array of appropriate sanctions. We need not determine, however, whether Martin and Naides violated any local rules or, if they did, what the appropriate sanctions would be, because the violation in question, if any, was so attenuated and technical that it would not affect the plaintiffs' claims for fee awards under the EAJA, which does not condition eligibility for reimbursement on whether an attorney is admitted.

20 2011 WL 2641273, *4-5.

21      The Court of Appeals also explained why it rejected the dissent's contention that the out-

22 of-state attorneys "appeared" in the District Court such that their work constituted the

23 unauthorized practice of law:

> Indeed, their role was quite limited.  Martin and Naides never physically appeared in court or before the judge; they never filed a brief or paper in the court; they never communicated with opposing counsel; they never even communicated with the plaintiffs; their work agreement was with McChesney, a member of the district court bar, and not with the plaintiffs; and they prepared only drafts of briefs and papers which they then submitted to McChesney for editing, signing, and filing with the court.  Even though their names were sometimes included on briefs as attorneys for the plaintiffs and they stated in their EAJA affidavits that they were attorneys for plaintiffs, the nature of their brief-writing function in supporting McChesney never changed.  See, e.g., Dietrich Corp. v. King Res. Co., 596 F.2d 422 (10th Cir.1979).  Indeed, McChesney could just as well

have retained an English professor or law professor to assist him in writing briefs and submitted those charges as paralegal type fees, with a legitimate expectation that his clients would receive reimbursement.

The facts of Mr. Wilborn's involvement in this and related actions are almost identical. He has provided drafts of briefing to Ms. Bosavanh, who is admitted to practice before this Court, for review, signing and filing. He does not discuss the case with the client or opposing counsel, does not indicate that he is counsel for Plaintiff on the pleadings and has never physically appeared in this Court. Based on the reasoning of Priestley, therefore, the Court finds that Mr. Wilborn's involvement is not a "special circumstance" under EAJA that would make an award unjust.

The Court's conclusion, however, is limited to the circumstances of requests for EAJA fees in Social Security appeals. Such a finding is logical because Social Security practice in District Courts within the Ninth Circuit, to which Mr. Wilborn is admitted, is controlled by the same Ninth Circuit law. The Court's finding also takes into consideration the lack of objection from the Commissioner.

In relying on the interpretation of EAJA to award Mr. Wilborn fees, the Court's finding is not based on Winterrowd v. Am. Gen. Annuity Ins. Co., 556 F.3d 815 (9th Cir. 2009), where the decision to award fees was not made in the context of EAJA. In other words, the Court makes no determination as to whether Mr. Wilborn "appeared" or "practiced" in violation of the Local Rules. Moreover, in light of the fact that the Court raised this issue and based on Mr. Wilborn's statement that he is no longer accepting work for new cases in this Court, there is no need to address the issue of whether sanctions could, or should, issue.

II.     EAJA Analysis

Under the EAJA, a prevailing party will be awarded reasonable attorney fees, unless the government demonstrates that its position in the litigation was "substantially justified," or that "special circumstances make an award unjust." 28 U.S.C. § 2412 (d)(1)(A). An award of attorney fees must be reasonable. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award, and charges that are not properly billable to a client are not properly billable to the government.

*Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). A court has wide latitude in determining the number of hours reasonably expended. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988).

Plaintiff requests a total of $9,119.75 for attorney time spent in litigating this action. This breaks down to a total of 52.3 attorney hours billed at 2009 and 2010 rates. In support of her request, Plaintiff submits itemizations of time spent by (1) Mr. Wilborn, from August 14, 2009, through December 3, 2010; and (2) Ms. Bosavanh, from July 30, 2009, through November 23, 2010.

Defendant does not dispute that Plaintiff is entitled to a fee award as the prevailing party, nor does he dispute the hourly rate. Rather, he contends that the requested time is excessive. The Court will review Defendant's specific objections.

A.   *Time Spent On Briefing*

   1.   Mr. Wilborn's Time

Defendant contends that the time spent by Mr. Wilborn on the Opening Brief (15.5 hours) and Reply Brief (10.0 hours) is excessive and should be reduced by 10 hours.

As an initial matter, the Court cautions Defendant against continuing to make comparisons between the Confidential Letter Brief and the Opening Brief in an effort to undermine the time spent on the Opening Brief. This Court has previously explained that the Confidential Letter Brief is "for settlement purposes only and will not be used as evidence against a party to these proceedings." *Belcher v. Astrue*, 2010 WL 5111435, * 1 (E.D.Cal. 2010). Therefore, Defendant's argument that the Opening Brief "raised identical arguments" and was "simply reformatting [of] the settlement letter" are not well taken. Opposition, at 3. **Continued citation to the Confidential Letter Brief in future actions may result in the imposition of Rule 11 sanctions.**[3]

The Court agrees, however, that certain time spent was excessive. The Court does not need to compare the Confidential Letter Brief to the Opening Brief to conclude that spending

---

[3] The Court has recently warned Defendant against making comparisons to the Confidential Settlement Letter in other actions and recognizes that this briefing was likely completed prior to the Court's warning.

11.0 hours reviewing the ALJ's decision, analyzing the record and preparing the Confidential Letter Brief likely framed the issues and allowed some cross-over for the Opening Brief. While the Court appreciates the need to re-examine the materials prior to preparing the Opening Brief to familiarize counsel with the issues and improve upon prior arguments, 4.0 hours spent in review on May 5, 2010, is excessive and should be reduced by 2.0 hours.

From May 6, 2010, through May 8, 2010, Mr. Wilborn spent 11.5 hours researching, drafting and completing the Opening Brief. The document, excluding the table of contents, was 21 pages and presented 5 issues, 3 of which required very little citation to the Administrative Record. Based on the prior time spent in preparation of the Confidential Letter Brief and the relatively routine nature of the issues presented in the Opening Brief, the Court finds that this time should be reduced by 1.5 hours.

In preparation of the Reply, Mr. Wilborn bills a total of 10.0 hours. On August 23, 2010, he bills 2.5 hours "Re-reading Plaintiff's Opening Brief, Re-reading the ALJ's decision, Read and analyze Defendant's Brief and outline Strategy for Reply." Again, the Court appreciates the need for counsel to re-familiarize himself with the issues, but much of this is simply duplicative of work previously performed. Moreover, Defendant's opposition was 10 pages, only 6 of which responded to Plaintiff's arguments. The Court therefore finds that the 2.5 hours should be reduced by 1.5 hours.

Also on August 23, 2010, Mr. Wilborn bills 7.5 hours reviewing the Administrative Record and preparing the Reply Brief. Mr. Wilborn responded to Defendant's 10 page Opposition with a 21 page Reply, excluding the table of contents. This seems both unnecessary and excessive and the Court find that the 7.5 hours should be reduced by 3.5 hours.

Based on the above reductions, Mr. Wilborn should be compensated for 18.0 hours for time spent from May 5, 2010, through August 23, 2010. There were no objections to the 11.0 hours spent from August 14, 2009, through March 8, 2010, and that time will be also be allowed.

2.   Ms. Bosavanh's Time

As is evident from the billing statements, Mr. Wilborn is performing a majority of the research and brief writing. Therefore, certain time spent performing duplicative work will not be

compensated. The Government should not be forced to pay increased fees simply because Ms. Bosavanh has decided to employ another attorney to actually write the briefs. There are certain instances, however, where some overlap is warranted, i.e., in reviewing certain documents to assess the merits of the federal court action. Ms. Bosavanh spent 1.0 hour on July 30, 2009, reviewing the Appeals Council denial and the ALJ's decision and assessing the merits of the federal court appeal. Mr. Wilborn, who ultimately prepared the pleadings, also spent 1.0 hour, in part, reviewing the ALJ's decision. Ms. Bosavanh's time on July 30, 2009, is therefore reduced by .5 hours, which allows time for reviewing the Appeals Council denial and assessing the merits of the action.

There are no objections to Ms. Bosavanh's request for 1.2 hours spent on August 12 and 17, September 1 and 8 and October 25, 2009, and that time will be allowed. In 2010, there were no objections to Ms. Bosavanh's time entries on January 19 and 30, February 10, March 3, 4 and 8, April 2 and 23, June 7, 9, 29 and 30, July 8, 12 and 13, August 11 and 24, and October 4. Therefore, these 4.9 hours in 2010 will be allowed.[4]

B.  *Clerical Time*

Defendant next objects to what he characterizes as "clerical tasks" performed by Ms. Bosavanh on various dates in 2009 and 2010. Defendant points to a total of 4.5 hours and contends that it should be reduced by 2.7 hours.

Defendant specifically objects to time spent e-filing, emailing documents, receiving extension documents and preparing/reviewing documents related to service. Not all of these tasks are purely clerical, however. Filing documents with the Court, emailing proposed orders to the Court, reviewing Court orders and reviewing service documents are tasks that are routinely performed by an attorney. *See eg. Williams v. Apfel*, 2000 WL 684259, *2 (S.D. Ind. 2000) (preparing the complaint and return of service documents and reviewing the answer, the Commissioner's brief, motions, and court orders are not tasks typically performed by clerical staff, as the attorney is responsible for seeing that the tasks are performed correctly).

---

[4] As discussed below, the Court is not allowing compensation for time spent on January 11, 2010.

1    The Court agrees, however, that time spent on February 5, 2010, in preparation of a
2 request for an extension of time was excessive.  Counsel billed .7 hours for requesting an
3 extension of time from Defendant, preparing and e-filing the request and emailing a proposed
4 order.  Given the routine nature of such requests and the limited amount of work involved, the
5 Court finds that .7 hours should be reduced by .4 hours.  Therefore, .3 hours will be allowed for
6 this task.
7    The Court also agrees that time spent on September 7, 2009, for drafting the Complaint
8 and related documents, e-filing the Complaint and emailing the judge is excessive.  Ms.
9 Bosavanh bills 1.4 hours for these tasks, though given the routine nature of such tasks and the
10 simplicity of the initial Complaint in Social Security actions, the Court finds that this time should
11 be reduced by .4 hours.
12    Additionally, Ms. Bosavanh billed 1.0 hour on September 11, 2009, for serving the
13 Government, e-filing the proof of service and consent forms, and "travel to post office to certify
14 mail."  Traveling to the post office is not a task routinely performed by an attorney and the Court
15 reduces the 1.0 hour by .7 hours.  Therefore, .3 hours will be allowed for service and e-filing
16 documents.
17    Ms. Bosavanh also billed .2 hours on January 11, 2010, for mailing transcripts to
18 Attorney Wilborn.  This task is purely clerical and the time will not be compensated.
19    Based on these reductions, Ms. Bosavanh will be allowed a total of 3.0 hours for time
20 spent on September 7, 11, 18, and 30, 2009, January 8 and 11, February 5 and 8, and May 11,
21 2010.
22 C.   *EAJA Motion Preparation*
23    Finally, Defendant objects to the time spent by counsel in preparation of this EAJA fee
24 motion.
25    Time spent in preparation of an EAJA fee motion is compensable, but must be
26 reasonable.  *Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998).
27    Here, Ms. Bosavanh billed 1.5 hours for "EAJA time documents" and Mr. Wilborn billed
28 2.5 hours for drafting "Plaintiff's EAJA application and supporting documents."  Defendant

1  suggests that this 4.0 hours should be reduced by 2.0 hours because (1) in the case of Ms.
2  Bosavanh, spending 1.5 hours to generate a billing sheet is excessive and clerical in nature; and
3  (2) the total time spent by both attorneys exceeds what is reasonable.
4      Contrary to Defendant's suggestion, preparing an itemized time sheet for an EAJA fee
5  motion is not a clerical task as counsel must review the time records to make sure the time is
6  properly billed to the client, ensure that time billed is accurate and redact any privileged
7  information.  See *Fortes v. Astrue,* 2009 WL 3007735, *4 (S.D. Cal. 2009) (allowing 2.75 hours
8  reviewing time records and logs to prepare a billing sheet in support of an EAJA motion).  The
9  Court will therefore allow 1.5 hours for Attorney Bosavanh and 1.5 hours for Mr. Wilborn.
10     This leaves 1.0 hour of Mr. Wilborn's time spent on preparation of the actual EAJA
11 motion.  The motion, however, is mainly boilerplate.  The burden is on Defendant to show that
12 his position was substantially justified and therefore no factual argument was included.  Counsel
13 merely had to plug in the hours requested and calculate the total fee request.  The Court will
14 therefore allow .5 hours for this task.  Mr. Wilborn is therefore entitled to a total award of 2.0
15 hours for time spent in preparation of this motion and supporting documents.

## **AWARD**

17     Plaintiff's motion is therefore GRANTED.  Plaintiff is entitled to an award in the total
18 amount of $7,202.55, broken down as follows:
19     Mr. Wilborn:
20     1.0 hours at $172.24 per hour AND 29.0 hours at $174.64 per hour    $5,236.80
21     Ms. Bosavanh:
22     3.2 hours at $172.24 per hour AND 8.1 hours at $174.64 per hour   $1,965.75
23     This amount is payable to Plaintiff pursuant to *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010).

25     IT IS SO ORDERED.
26     Dated:   **July 12, 2011**           **/s/ Dennis L. Beck**
                                             UNITED STATES MAGISTRATE JUDGE